<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4535**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

WINARD MONTEZ EADY,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:12-cr-00415-DCN-3)

_____

Submitted:  March 26, 2015              Decided:  April 10, 2015

_____

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina,
for Appellant. William N. Nettles, United States Attorney,
Nathan  S.  Williams,  Assistant  United  States  Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Winard Montez Eady appeals his convictions for conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. §§ 2, 1951(a) (2012), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c) (2012). Prior to trial, the district court denied Eady's motion to exclude the testimony of the Government's proffered expert witness, Special Agent Mike Sutton. Agent Sutton's testimony concerned historical cell site analysis, which involves using cellular phone records and tower locations to determine a cell phone's general location at a given point in time. On appeal, Eady argues that the district court abused its discretion by making a clearly erroneous factual finding when it admitted the expert's testimony. We affirm.

The sole issue on appeal is whether the district court incorrectly found that Agent Sutton had conducted a drive test to prepare his testimony against Eady. A drive test involves driving to cell towers and recording information about the strength of their signals. Agent Sutton sometimes uses drive testing in his analysis, but he did not in Eady's case.

Eady argues that the district court erroneously found that Agent Sutton had performed a drive test and, therefore, that admitting Sutton's testimony was an abuse of discretion. We disagree. Although the district court's order briefly mentioned

2

drive testing as an example of Agent Sutton's methods, the court did not state that a drive test occurred in this case. Because the district court never made the factual finding that Eady claims is erroneous, we conclude that the district court did not abuse its discretion in admitting Agent Sutton's testimony. <u>See</u> <u>United States v. Garcia</u>, 752 F.3d 382, 390 (4th Cir. 2014) (discussing standard of review).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3